UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

AVA CLARK,

          *Plaintiff*,

   -against-

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

          *Defendant*.

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-7-16

15 Civ. 2286 (PAC) (HBP)

**OPINION & ORDER
ADOPTING REPORT AND
RECOMMENDATION**

HONORABLE PAUL A. CROTTY, United States District Judge:

    *Pro se* Plaintiff Ava Clark seeks judicial review of the Commissioner of Social Security's denial of her claim for disability insurance benefits based on a finding that Clark did not suffer from a severe impairment during the time period in which she was insured. Clark moves to vacate the decision below and remand; the Commissioner moves for judgment on the pleadings.

    On June 13, 2016, Magistrate Judge Henry Pitman issued a Report and Recommendation ("R&R") that correctly construes Clark's motion to seek remand on three grounds: (i) the Administrative Law Judge ("ALJ") below improperly failed to adjudicate Clark's application for supplemental security income ("SSI") benefits; (ii) the ALJ failed to adequately develop the medical record; and (iii) there is new, relevant evidence. R&R at 35. The R&R recommends rejecting the SSI benefits claim as unsupported by the record; it is clear that Clark never applied for SSI benefits. *Id.* at 36-37. But the R&R recommends remanding because the ALJ failed to adequately develop the record by not seeking medical records prepared by Dr. Irene Weiss, an endocrinologist at Westchester Medical Center who treated Clark beginning in September 2010.

1

*Id.* at 39-40. The R&R also recommends permitting Clark to submit any new evidence on remand. *Id.* at 44.

The Commissioner objects to the R&R, arguing that the ALJ properly developed the record and reached a decision that was substantially supported by the record. The Court holds that the ALJ did not fulfill his obligation to fully develop the medical record. The Court ADOPTS the R&R in full: Clark's motion to vacate and remand is GRANTED; the Commissioner's motion is GRANTED as to the denial of SSI benefits and DENIED as to the denial of disability insurance benefits.

## BACKGROUND[1]

On April 24, 2012, Clark applied for disability insurance benefits, alleging that she had been disabled since December 31, 2007, and suffered from Stage 0 breast cancer, osteoarthritis in her knees and lower back, vertigo, hypocalcuric/hypercalcemia, and a hiatal hernia. Administrative Record ("R.") at 22, 199. The same day, the Social Security Administration ("SSA") sent a notice to Clark confirming its receipt of a claim for "Disability, Supplemental Security Income," and scheduling a phone appointment. R. 26. On May 2, 2012, the SSA wrote to explain that, because Clark had not filed a claim for SSI benefits, any claim for those benefits was denied. R. 22. Another letter dated May 4, 2012 indicates that Clark told the SSA that she did not want to file a claim for SSI benefits. R. 167.

In May and June 2012, the SSA made several requests for medical records from Clark's treating physicians at Westchester Medical Center. R. 468-71. Some of Clark's treating physicians provided medical records, others indicated that they did not have records for the

---

[1] The R&R contains a thorough summary of the facts contained in the administrative record. The Court describes here only those facts necessary to understand the present issues.

2

requested time period of 2007 to 2010, and others did not respond. R. 468. On June 28, 2012, the SSA denied Clark's claim, having determined that she was not disabled prior to December 31, 2010, when she was last insured. R. 67-70. The decision acknowledged that "[a]lthough we contacted your medical sources we were unable to obtain all the evidence we needed." R. 70.

On August 1, 2012, Deah Louis, a non-attorney at Public Consulting Group, applied on Clark's behalf for a hearing before an ALJ to review the decision. R. 71-74. The SSA scheduled a hearing for May 29, 2013. R. 84. Prior to the hearing, Public Consulting Group submitted additional medical records and a residual functional capacity questionnaire. R. 472-519.

On May 29, 2013, a hearing was held before ALJ Roberto Lebron, at which Clark testified and was represented by Cary Winslow, an attorney at Public Consulting Group. Clark testified that she was 55 years old and lived in an apartment in Peekskill, New York with her adult daughter. R. 30, 36. She said she had difficulty completing day-to-day activities due to obesity and pain caused by osteoarthritis in her lower back and knees. R. 32-33, 43. She testified that the osteoarthritis was diagnosed in October 2007. R. 34, 37. Clark was last employed as a home health aide in January 2010; she left that job because she could no longer perform the required duties due to the pain in her back and knees caused by arthritis. R. 10, 39-40. In 2011, Clark was diagnosed with breast cancer, and the resulting chemotherapy caused chronic fatigue. R. 43. Clark also testified that she had difficulty walking for more than ten minutes, bending down, and lifting objects weighing more than ten pounds. R. 49-52.

During the hearing, the ALJ explained to Clark that there was no medical evidence supporting her claim that she suffered from osteoarthritis. R. 34-35, 37-38. Clark's attorney stated that he would confirm that all medical records had been submitted, and at the end of the hearing the ALJ granted a three-week extension for the submission of additional evidence. R.

35, 63.

On June 7, 2013, Public Consulting Group submitted twenty pages of additional records. R. 520-40. On June 19, 2013, a claims analyst at Public Consulting Group requested a two-week extension for the submission of additional medical records. R. 259. The next day, the ALJ granted the extension and explained that "[i]f I do not receive any additional evidence, I will issue a decision without it" and "I will not grant another extension unless you have good cause." R. 260. On June 21, 2013, Public Consulting Group submitted six additional pages of records and, on July 3, 2013, they submitted another eighty-nine pages. R. 541-634. Also on July 3, 2013, the claims analyst requested assistance from the ALJ in obtaining certain medical records. R. 261. The claims analyst explained that Public Consulting Group had requested medical records from Dr. Raman Kaul at Yorktown Radiation Oncology Center and Dr. Irene Weiss at New York Medical College, and had not yet received records from either. R. 261. The ALJ never responded to that request, and no additional records were submitted.

On December 13, 2013, the ALJ denied the claim. R. 9-17. First, the ALJ found that Clark had not engaged in substantial gainful activity from December 31, 2007 to December 31, 2010. R. 14. Second, the ALJ found that as of December 31, 2010 (when Clark was last insured), she suffered from gastroesophageal reflux disease, hypertension, hypercalcemia, and obesity; but not osteoarthritis, Stage 0 breast cancer, a hiatal hernia, or dizziness. *Id.* As to osteoarthritis, the ALJ acknowledged that medical reports prepared in April and August 2009 stated that Clark had a medical history of osteoarthritis in her lower back and knees, but discounted that evidence because other reports consistently indicated that Clark denied any pain, and the only records indicating that she was treated for osteoarthritis were from after December 31, 2010. R. 15. As to Stage 0 breast cancer, the ALJ explained that Clark was first diagnosed

in April 2011; a January 2009 mammogram revealed no malignancy. *Id.* And the ALJ likewise found no medical evidence of a hiatal hernia or dizziness prior to December 31, 2010. *Id.*

Third, the ALJ held that Clark required only routine and conservative treatment for her conditions, and so did not have a severe impairment or combination of impairments before her date of last insured. R. 15-16. Accordingly, the ALJ held that Clark was not disabled and denied her claim for disability insurance benefits. R. 17. On February 7, 2014, Deah Louis appealed the decision to the Appeals Council. R. 7. On March 12, 2015, the Appeals Council affirmed, finding "no reason under our rules to review the Administrative Law Judge's decision." R. 1-5. On March 24, 2015, Clark brought this action *pro se* to challenge the ALJ's decision, pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

### I.   Applicable Law

Under Title II of the Social Security Act, a claimant is entitled to disability insurance benefits if she can establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The claimant must show that she was disabled prior to the expiration of her insured status. 42 U.S.C. § 423(a).

The SSA follows a five-step process, mandated by regulation, to determine if a claimant is disabled. *Selian v. Astrue*, 708 F.3d 409, 417-18 (2d Cir. 2013). "First, the Commissioner considers whether the claimant is currently engaged in substantial gainful activity." *Id.* at 417. "If [she] is not, the Commissioner next considers whether the claimant has a 'severe impairment' which significantly limits [her] physical or mental ability to do basic work activities." *Id.* If she

5

does, "the third inquiry is whether, based solely on medical evidence, the claimant has an impairment listed in Appendix 1 of the regulations." *Id.* at 417-18. If the claimant has a listed impairment, she is *per se* disabled. *Id.* at 418. If she does not have a listed impairment, "the fourth inquiry is whether, despite the claimant's severe impairment, [she] has the residual functional capacity to perform [her] past work." *Id.* "Finally, if the claimant is unable to perform [her] past work, the Commissioner then determines whether there is other work which the claimant could perform." *Id.* at 418. The Court can overturn an ALJ's decision to deny benefits only if the decision is based upon legal error or is not support by substantial evidence. *Id.* at 417.

"Because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record." *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996). The ALJ must "make every reasonable effort to help [the claimant] get medical reports from [her] medical sources." *Id.* (quoting 20 C.F.R. § 404.1512(d)). And if medical information received from the claimant's treating physician is inadequate for the ALJ to determine whether the claimant is disabled, the ALJ must recontact the treating physician or other medical sources to determine whether additional information is readily available. *Id.* (quoting 20 C.F.R. § 404.1512(e)).

The ALJ's duty to develop the record applies even if the claimant is represented by counsel. *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999). But if the claimant is represented, the ALJ need only seek additional information to fill "obvious gaps" in the record. *Id.* at 79 n.5. Thus, the ALJ has no obligation to seek further information if he already possesses the claimant's complete medical history. *Id.* Failure to adequately develop the record is legal error that warrants vacation of the denial of benefits and remand with instructions to the ALJ to

attempt to fill the gaps in the record. *Id.* at 80, 83.

The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If no objections are made, the Court reviews the R&R for clear error. *Terio v. Michaud*, 2011 WL 2610627, at *1 (S.D.N.Y. June 27, 2011). If a party objects, the Court conducts a *de novo* review of the R&R's contested portions. *See Idlisan v. Mt. Sinai Med. Ctr.*, 2015 WL 136012, at *2 (S.D.N.Y. Jan. 9, 2015). "[S]ubmissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and emphasis omitted).

## II.     Analysis

Construing Clark's filings liberally, she seeks remand because (i) the ALJ improperly failed to adjudicate her SSI benefits claim; (ii) the ALJ failed to adequately develop the medical record; and (iii) there is new, relevant evidence.

### A.     SSI benefits claim

Clark argues that the ALJ erred in not considering whether she was eligible for SSI benefits. She contends that her claim is evidenced by the SSA confirmation notice, dated April 24, 2012, which indicates a claim for "Disability, Supplemental Security Income" benefits. Dkt. 21 at 5 (citing R. 26). The R&R rejects this argument because letters sent by the SSA in subsequent weeks indicate that the SSI claim was denied because Clark never completed the application for SSI benefits and indicate that she did not want to apply for SSI benefits. R&R at 36-37 (citing R. 22, 167). Clark does not object to those findings; and the Court agrees with the R&R's conclusion. The Court denies remand on this ground.

### B.     Failure to develop the record and new evidence

Next, Clark asks for remand because "the extent of my medical records were never properly obtained in their entirety." Dkt. 21 at 1. The Magistrate Judge conducted a thorough and extensive review of the record and agrees. He determined that the ALJ should have sought additional records from Dr. Irene Weiss, who began treating Clark in September 2010 and whose records may evidence treatment for osteoarthritis while Clark was still insured. R&R at 40.

The Commissioner objects to this portion of the R&R, contending that the medical records in evidence (including a November 2010 report from Dr. Weiss) constitute a properly developed record, and any failure to seek additional records was harmless because records from the narrow time period of August to December 2010 would not alter the ultimate conclusion. Dkt. 23 at 4-7.

The Court holds that the ALJ committed legal error by failing to adequately develop the record. Clark testified that she was diagnosed with osteoarthritis in 2007, and pain from that condition caused her to leave her job as a home aid in January 2010. R. 34, 37, 39-40. As the ALJ acknowledged in his decision, there is already medical evidence in the record supporting the conclusion that Clark suffered from osteoarthritis in 2009. R. 15 ("osteoarthritis of the lower back and knees is mentioned in a medical history section in April 2009 and August 2009"). And since a June 22, 2012 medical report also indicates that Clark had osteoarthritis, there is an obvious gap in the record from 2010 to 2011. R. 473. The ALJ had an affirmative duty to attempt to fill that gap, especially since Clark told the ALJ that she was having difficulty getting records from Dr. Weiss and explicitly asked the ALJ for help. R. 261. The ALJ erred in not making any attempt to contact Dr. Weiss to remedy the known, unresolved gap in the record. *Rosa*, 77 F.3d at 47; *cf. Eusepi v. Colvin*, 595 Fed. Appx. 7, 9 (2d Cir. 2014) (summary order) (ALJ has no duty to further develop the record where claimant's attorney submitted additional

8

post-hearing materials and then represented that the medical record was complete). The Court vacates the ALJ's decision and remands for further development of the record.

Clark also asks for remand to submit new evidence. While Clark has not identified any relevant, non-cumulative evidence, the Court agrees with the R&R's recommendation to permit Clark to submit new evidence since remand is necessary anyway to further develop the record. R&R at 44. Because the record is incomplete, the Court does not reach the question of whether the ALJ's decision was supported by substantial evidence. *Lacava v. Astrue*, 2012 WL 6621731, at *11 (S.D.N.Y. Nov. 27, 2012).

## CONCLUSION

The Court ADOPTS the R&R in full. Clark's motion to vacate and remand (Dkt. 14) is GRANTED, with directions to the ALJ to discharge his obligation to fully develop Clark's medical record. The Commissioner's motion for judgment on the pleadings (Dkt. 18) is GRANTED as to Clark's claim for SSI benefits; and DENIED as to Clark's claim for disability insurance benefits. The Clerk is directed to remand to the SSA and terminate 15 cv 2286.

Dated: New York, New York
September 7, 2016

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

Copy Mailed By Chambers To:
Ava Clark
901 Main Street, Apt 7K
Peekskill, NY 10566